

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,933-03 & 88,933-04

## EX PARTE ROBERT ALLEN SMITH, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CVHC-10-0100059 & CVHC-10-0100058
### IN THE 198TH DISTRICT COURT
### FROM BANDERA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of possession of methamphetamine and sentenced to ten and forty years' imprisonment. The Fourth Court of Appeals dismissed his appeals. *Smith v. State*, Nos. 04-18-00242-CR & 04-18-00243-CR (Tex. App.—San Antonio June 6, 2018) (not designated for publication).

Applicant contends, among other things, that he repeatedly told counsel he was not guilty and that counsel failed to request a speedy trial, communicate with Applicant, and ask Applicant whether

he wanted to file an appeal after sentencing. In a separate ground, Applicant contends that his pleas were involuntary.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's ineffective assistance of counsel and involuntary plea claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) counsel's conduct was deficient at the no-contest and adjudication-of-guilt stages of trial; (2) Applicant was prejudiced and his pleas were rendered involuntary; and (3) Applicant was denied his right to appeal after being sentenced because counsel failed to ask whether he wanted to appeal or to file notices of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.


Filed:          November 14, 2018
Do not publish